IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN STRACK,

      Plaintiff,                  No. CIV S-10-0215 KJM P

   vs.

PHILLIP H. BECK,

      Defendant.          <u>ORDER</u>

                     /

         Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

         Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $60.03 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that as a result of prostate surgery performed by defendant, he no longer ejaculates semen; this is, when he ejaculates, no fluid is emitted. Plaintiff asserts defendant described this condition to plaintiff as "retrograde ejaculation," where plaintiff's semen is channeled to his bladder rather than being emitted through his urethra during ejaculation. Plaintiff asserts he was not warned "retrograde ejaculation" was a possible side-

effect of his surgery and that he would not have consented to the surgery had he known it was a possibility due to the resulting impairment with respect to child conception.[1] Plaintiff asserts defendant violated plaintiff's rights arising under the Fourteenth Amendment and the Eighth Amendment of the Constitution.

Plaintiff does not state a valid claim under the Eighth Amendment. In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. Plaintiff fails to point to anything suggesting that defendant was deliberately indifferent to plaintiff's medical needs, because plaintiff fails to point to anything suggesting that defendant's course of action with respect to plaintiff's prostate was not medically sound or that any failure to warn of side effects was out of deliberate indifference. Furthermore, the Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." Wilson v. Seiter, 501 U.S. 294, 297 (1991). Plaintiff also does not allege that his "retrograde ejaculation" has inflicted wanton or unnecessary pain.

The court assumes that plaintiff's assertion of a Fourteenth Amendment claim is an attempt to assert a "substantive due process" claim. See County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (procedural due process guarantee protects against arbitrary takings, the substantive due process guarantee protects against government power arbitrarily and oppressively exercised). Nothing in the record before the court suggests that defendant's action could be construed as arbitrary or oppressive.

In light of the foregoing, plaintiff's complaint will be dismissed. The court will grant plaintiff leave to amend to attempt to cure the deficiencies in his complaint, if he is able to while complying with Federal Rule of Civil Procedure 11. If plaintiff cannot cure the deficiencies, this action will be dismissed.

---

[1] In his complaint, plaintiff asserts he is "sterile." But plaintiff does not point to facts suggesting that, even with medical assistance, his sperm cannot be used to conceive a child.

1. Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $60.03. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: May 13, 2010.

_____
U.S. MAGISTRATE JUDGE

1
stra0215.dis(2.26.10)

4